# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ADRIENNE FRAZIER, *on behalf of herself and all others similarly situated*,

    Plaintiff,

v.

SAINT LEO UNIVERSITY, INC.

    Defendant.

_____/

Case No.: 8:21-cv-1239

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, Saint Leo University, Inc. ("Defendant"), in accordance with §§ 1332, 1446 and 1453, hereby files its Notice of and Petition for Removal (the "Notice"). Defendant requests that, pursuant to the Class Action Fairness Act, this action filed by Adrienne Frazier and all others similarly situated ("Plaintiffs") be removed from the Sixth Judicial Circuit in and for Pasco County, Florida to the United States District Court for the Middle District of Florida. The removal of this action is based on the following:

**I.     RELEVANT FACTUAL BACKGROUND**

1. On March 15, 2021, Plaintiff filed a class action Complaint in the Sixth Judicial Circuit in and for Pasco County, Florida, styled as *Adrienne Frazier, on behalf of herself and all others similarly situated v. Saint Leo University, Inc.*, Case No. 2021CA000635 (the "Circuit Court Case"). A copy of the Complaint in the Circuit

Court Case is attached as **Exhibit A**. Copies of all pleadings and other papers on file in the Circuit Court Case are attached hereto as **Exhibits B** and **C**.

2. On April 22, 2021, the undersigned counsel received a waiver of service of process from counsel for Plaintiff. The waiver was signed by undersigned counsel on May 11, 2021 and is attached hereto as **Exhibit D**. As this removal is made within 30 days from April 22, 2021, this Notice is timely filed. *See Romero v. Randle Eastern Ambulance Serv.*, 2009 U.S. Dist. LEXIS 129542 (S.D. Fla. Feb. 11, 2009) (evaluating compliance with Fla. R. Civ. P. 1.070 to determine when 30 day period for removal started and denying motion for remand).

3. Defendant has not filed an answer or other pleading in the Circuit Court Case.

4. Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the removal to all adverse parties in this action by filing a copy of this Notice in the Sixth Judicial Circuit Court in and for Pasco County, Florida.

5. Plaintiff is a citizen and resident of the State of Georgia. *See* Complaint at ¶ 13.

6. Defendant is a Florida non-profit corporation with its principal place of business in Saint Leo, Florida. *Id.* at ¶ 14.

7. Plaintiff and the putative class members bring this class action seeking a prorated refund or reimbursement of tuition and fees resulting from Defendant's implementation of remote instruction on March 23, 2020, due to the COVID-19 pandemic. *Id.* at ¶ 12.

8. Plaintiff Frazier brings her class action on behalf of herself and:

> All persons who paid Defendant, in whole or in part, tuition, fees, and/or room and board, for the Spring 2020 semester, for in-person educational services which Defendant failed to provide, and whose tuition, fees, and/or room and board were not refunded.

*Id.* at ¶ 49.

9. Plaintiff and the putative class members are bringing this action for breach of contract and unjust enrichment. *See* Complaint, **Ex. A.**

10. Plaintiff claims Saint Leo University is attended by "more than 11,808 students" and the approximate cost of attendance during the Spring 2020 semester is $12,000. *Id.* at ¶¶ 2 and 1, respectively. Although Plaintiff currently does not know the precise number of the putative class members, she claims that they are "so numerous and geographically dispersed that their individual joinder…is impracticable" and based on Defendant's total enrollment, estimates the class to be in "the thousands." *See id.* at ¶ 51.

11. As of Spring 2020, Saint Leo University had students enrolled from 50 U.S. states and territories, and 59 foreign countries. *See* Declaration of Registrar Karen Hatfield at ¶ 6, attached hereto as **Exhibit E**. Defendant's total student enrollment for the Spring 2020 semester was 11,269, of which 5,196 students were enrolled in Defendant's Central Florida campus and/or one of its 19 regional locations (including Savannah, Georgia where Plaintiff Frazier was enrolled); the remainder were enrolled in Saint Leo University's online-only programs. *Id.* at ¶¶ 7-8. Of the 11,268 students

enrolled at Saint Leo University for the Spring 2020 semester, 5,725 maintained permanent addresses outside of the State of Florida. *Id.* at ¶ 9.

## II. This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

The Class Action Fairness Act of 2005 ("CAFA") grants district courts original subject matter jurisdiction over any civil action involving a proposed class of at least 100 members "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B). A defendant seeking removal on grounds of CAFA jurisdiction must prove the jurisdictional elements by a preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Removal of this matter is appropriate as all of the elements required to establish original subject matter jurisdiction over this action under CAFA are satisfied.

### A. There Is Minimal Diversity

In order to meet the "minimal diversity" required by CAFA, any member of a class of plaintiffs must be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d). Here, many of the putative class members, including Plaintiff Frazier, are citizens of different states and countries from the Defendant.

For individuals, citizenship is established by a person's domicile, not simply residence. *King v. Great Am. Chicken Corp, Inc.,* 903 F.3d 875, 879 (9th Cir. 2018) (citations omitted). Allegations of mere residence, therefore, may not be equated with

citizenship. *Reece v. AES Corp.,* 638 F. App'x 755, 769 (10th Cir. 2016) citing *Whitelock v. Leatherman,* 460 F.2d 507, 514 (10th Cir. 1972). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S. Ct. 1597, 1608, 104 L. Ed. 2d 29 (1989); *see also Sunseri v. Macro Cellular Partners,* 412 F.3d 1247, 1249 (11th Cir. 2005). Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence. *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1341-42 (11th Cir. 2011). Although physically present in the current residence, the person does not intend to remain in that state indefinitely. *Id.*

Further, courts in Florida have held that residents who reside in a state temporarily or part-time, such as the college students in the putative class, are not necessarily domiciliaries of the states where they reside. *Alexion v. Fed. Ins. Co.,* No. 6:18-cv-2112-Orl-22GJK, 2019 U.S. Dist. LEXIS 185668, at *16 (M.D. Fla. Mar. 7, 2019) (quoting *Las Vistas Villas, S.A. v. Petersen,* 778 F. Supp. 1202, 1205 (M.D. Fla. 1991) (college student from Costa Rica who resided in Minnesota while attending law school did not "evince an intent to change domicile" where he had no postgraduation commitment to the state), *aff'd sub nom. Las Vistas Villas v. Petersen,* 13 F.3d 409 (11th Cir. 1994)). Specifically, courts in Florida have held that even though students can be expected to engage in certain expediencies such as obtaining a local driver's license, opening bank accounts, or having mail delivered to a local address while attending

5

university, these acts do not evince an intent to change domicile. *See Las Vista Villas,* 13 F.3d at 1205.

Indeed, courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college. *Las Vistas Villas, S.A., supra* (quoting *Hakkila v. Consolidated Edison Co. of New York, Inc.,* 745 F. Supp. 988, 990 (S.D.N.Y. 1990) (finding that college student was not domiciled at university even though she did not return to her mother's home); *Scoggins v. Pollock,* 727 F.2d 1025, 1027 (11th Cir. 1984) (finding domicile did not change even though student did not intend to return to parents' home after graduation)).

For purposes of minimal diversity in this matter, therefore, the Court should look to the parties domiciles, including that of the putative class members, to establish citizenship.

Defendant is incorporated in Florida and maintains its principal place of business in the State of Florida. *See* Compl. at ¶¶ 14-15. Accordingly, it is a citizen of the State of Florida. *See* 28 U.S.C. § 1332(c)(1). Plaintiff Frazier, a member of the alleged putative class, is a resident of the State of Georgia. *See Compl*. at ¶ 13. Because Defendant is a citizen of Florida and at least one class member is a citizen of another state or foreign country, the "minimal diversity" required under CAFA is establish in this case.

**B.     The Amount In Controversy Is More Than $5,000,000**

Exclusive of interest and costs, the amount in controversy exceeds the sum or value of $5,000,000. While defendants are not required to prove an actual damage

6

amount in order to establish the amount in controversy exceeds $5,000,000, they must provide the Court with factual evidence from which the Court can conclude whether or not the jurisdictional amount is met. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [applicable] jurisdictional requirement." (emphasis added)), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000). "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754.

Here, it is facially apparent from the complaint that the amount in controversy clearly exceeds $5,000,000. Defendant's calculation is preliminarily based on the number of students that Plaintiffs alleged in the Complaint paid tuition and fees for the Spring 2020 semester. *Compl.* at ¶¶ 1-2, 11, and 19-21. Specifically, Plaintiff alleges she paid approximately $11,995 and that Plaintiffs paid over $12,000 in tuition and fees for the Spring 2020 semester. *Id.* at ¶¶ 1 and 21. Based on Plaintiffs' allegations, Defendant's calculations assume that the putative class are seeking at least a 50%

refund of their tuition and fees for the Spring 2020 semester. *Id.* at ¶ 11. Thus, according to Plaintiffs' own allegations, they are seeking a refund of approximately half of the amount of tuition and fees that they paid for the Spring 2020 semester, for a class that allegedly consists of approximately 11,808 students. *Id.* at ¶¶ 2, 11. Based on these allegations, Plaintiffs are asserting breach of contract claims that total in excess of $70 million for the Spring 2020 semester, without factoring in the amount Plaintiffs allege they are owed for the education that was "subpar in practically every aspect." *See id.* at ¶ 9.

While Defendant vigorously disputes that Plaintiffs will ultimately obtain class certification let alone prove they are entitled to *any* damages, there can be no doubt that the face of the Complaint seeks damages exceeding $5 million by a substantial margin. Accordingly, CAFA's "amount in controversy" element is satisfied.

  **C.** **The Proposed Class Is Greater Than 100 Members**

Plaintiffs affirmatively allege in the Complaint that the proposed class numbers in the thousands. *Compl.* at ¶ 51. Excluding students that were exclusively enrolled in Defendant's online-only programs, there are approximately 5,196 students enrolled in Saint Leo University for the Spring 2020 semester. *Hatfield* Decl. at ¶ 8. Accordingly, Defendant has shown by a preponderance of the evidence that there is a potential class of at least 100 members.

  **D.** **This Matter Is A "Class Action"**

The CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial

procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This matter constitutes a "class action." The Complaint was filed as class action under Florida Rules of Civil Procedure 1.220(a), (b)(2), (b)(3), and/or (c)(4). *See* Compl. at ¶¶ 1, 49-61. This is the state counterpart to Fed. R. Civ. P. 23, and Plaintiffs have sought to affirmatively allege the elements of a class action as well as the existence of a class of students at Saint Leo University. *Id*.

### III.  CONCLUSION

Defendant has shown by a preponderance of the evidence that there is: (a) diversity of citizenship; (b) a potential class of at least 100 members; and (c) a controversy exceeding the jurisdictional minimum. Defendant has, therefore, established the necessary jurisdictional elements to assert federal jurisdiction under CAFA. For this reason, this Court has original jurisdiction over Plaintiffs' claims by virtue of CAFA, and this case should be removed to this Court.

The Sixth Judicial Circuit in and for Pasco County, Florida, the place where the pending action was originally filed, is within the geographic boundaries of the United States District Court for the Middle District of Florida. Therefore, venue is proper in this Court.

Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pleaded claims, either individually or on a class-basis, upon which relief may be granted. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notification of Removal with the clerk of the Sixth Judicial Circuit in and for

Pasco County, Florida. As required by 28 U.S.C. § 1446(d), a true and correct copy of the Notification of Removal is attached hereto as **Exhibit F**.

WHEREFORE, Defendant respectfully requests that the Circuit Court Case, now pending in the Sixth Judicial Circuit in and for Pasco County, Florida, be removed to the United States District Court for the Middle District of Florida.

DATED:   May 21, 2021

Respectfully Submitted,

JACKSON LEWIS P.C.

By: /s/ B. Tyler White
B. Tyler White, FBN: 0038213
Tyler.White@jacksonlewis.com
Todd R. Dobry, FBN: 109081
Todd.Dobry@jacksonlewis.com
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Tele:  904-638-2655
Fax:   904-638-2656

*Counsel for Saint Leo University, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of May, 2021, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which

will send a notice of electronic filing to: Frank S. Hedin, Esquire, Hedin Hall LLP, 1395 Brickell Avenue, Suite 1140, Miami, Florida 33131, FHedin@HedinHall.com; and Arun G. Ravindran, 1395 Brickell Avenue, Suite 1140, Miami, Florida 33131, aravindran@hedinhall.com.

/s/ B. Tyler White
Attorney